The majority in the present case has erred in determining that plaintiff failed to prove a change of condition resulting in her total and permanent disability as a result of her occupational disease. A "change of condition," for purposes of N.C. Gen. Stat. § 97-47, is a substantial change in physical capacity to earn wages, occurring after a final award of compensation, different from that existing when the award was made.Bailey v. Sears Roebuck Co., 131 N.C. App. 649, 508 S.E.2d 831
(1998). A change of condition may consist of either a change in the claimant's physical condition that impacts the claimant's earning capacity, a change in the claimant's earning capacity even though the claimant's physical condition remains unchanged, or a change in the degree of disability even thought claimant's physical condition remains unchanged. Singleton v. Koback Group, 148 N.C. App. 667, 559 S.E.2d 277
(2002). Moreover, a condition that is continuous in nature that eventually renders a claimant unable to earn any wages is sufficient evidence of a change of condition. East v. Baby Diaper Services, Inc.,119 N.C. App. 147, 457 S.E.2d 737 (1995).
In the present case, plaintiff was previously found by the Commission to be suffering from a compensable occupational lung disease resulting from her exposure to cotton dust while employed by defendant-employer. At the time of such determination, plaintiff was not disabled from the disease and sought employment with a different employer. Eventually, plaintiff came under the employ of K-Mart in May 2001. Although plaintiff testified that she was initially able to perform the work at K-mart, by February 2002 plaintiff's lung disease had progressed to the point that she was having difficulty with maintaining her work. She testified that she had increasing problems with shortness of breath and wheezing, and that she felt worn out and could not keep up her pace any longer. Despite plaintiff's testimony as to her deteriorating respiratory condition, the majority found that the medical evidence of record did not establish a substantial change of condition; however, the undersigned finds there to be sufficient medical evidence in the record to support a change of condition, most notably the deposition testimony of plaintiff's physicians.
Dr. Kristen Cooper, plaintiff's family doctor, testified that as soon as one month after plaintiff began her employment with K-Mart, plaintiff was having difficulty with increased fatigue and shortness of breath. A June 21, 2001, pulmonary function test showed plaintiff had moderate to severe obstruction. Dr. Cooper stated that the severity of plaintiff's disease has the potential to cause plaintiff's symptoms of fatigue and breathlessness. Plaintiff was also examined by Dr. James Jones, a pulmonologist and panel physician for the Industrial Commission. Dr. Jones first examined plaintiff in 1998, and performed a follow-up examination on April 30, 2002, regarding plaintiff's claim for a change of condition. Dr. Jones stated that, though plaintiff was still in the moderate to severe category regarding her respiratory disease, plaintiff was worse than before. He further stated that the results of plaintiff's breathing tests indicated it was possible that plaintiff would have trouble with fatigue and shortness of breath.
There is sufficient medical evidence of record to show that plaintiff has indeed experienced a change of condition pursuant to N.C. Gen. Stat. § 97-47. Thus, the majority has erred in determining that plaintiff failed to prove a change of condition resulting in her total and permanent disability as a result of her occupational disease. For these reasons, I respectfully dissent.
This 25th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER